```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF NEW JERSEY
```

```
                                    :
JOHN PETRILLO,                      :   HON. JEROME B. SIMANDLE
                                    :
              Petitioner,           :   Civil No. 09-5959 (JBS)
                                    :   Criminal No. 09-55(JBS)
     v.                             :
                                    :
UNITED STATES OF AMERICA,           :         OPINION
                                    :
              Respondent.           :
                                    :
```

APPEARANCES:

Mr. John Petrillo
41517-050
F.C.I. Milan
P.O. Box 1000
Milan, MI 48160
     Petitioner appearing pro se

Paul J. Fishman
United States Attorney
     By:  John Jay Hoffman
          Assistant United States Attorney
U.S. ATTORNEY'S OFFICE
402 East State Street, Room 430
Trenton, NJ 08608
     Counsel for Respondent United States of America

**SIMANDLE**, District Judge:

This matter is before the Court on an application by Petitioner John Petrillo for habeas corpus relief setting aside or correcting his sentence under 28 U.S.C. § 2255. On January 29, 2009, Petitioner pled guilty to conspiracy to commit mail fraud, in violation of 18 U.S.C. § 1349, and conspiracy to obstruct justice, in violation of 18 U.S.C. § 371. Through his plea agreement, Petitioner waived his right to collaterally

attack his sentence, so long as the sentence imposed fell within or below the Sentencing Guidelines range for an offense level of 26. Plaintiff's sentence was below this range. His present habeas petition includes a series of vague, conclusory, and largely incomprehensible grounds for challenging his sentence. For reasons discussed herein, Petitioner's motion for habeas corpus relief under 28 U.S.C. § 2255 will be denied and his petition will be dismissed.

## I.   BACKGROUND

On January 29, 2009, Petitioner appeared before this Court in order to enter a guilty plea through proceedings consistent with Rule 11, Fed. R. Crim. P. The plea agreement included the following stipulation:

> John Petrillo knows that he has and, except as noted below in this paragraph, voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under § 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court if that sentence falls within or below the Guidelines range that results from a total Guidelines offense level of 26, and also which challenges a finding by the Court that Adjustment 3B1.3 applies.

(Plea Agreement at 7, Resp't Exh. A.)

At the Rule 11 hearing Petitioner was represented by counsel. During the lengthy colloquy, Petitioner gave sworn testimony that he understood all aspects of his plea agreement, had reviewed the plea agreement with his attorney, and that he

2

accepted the plea agreement, including the stipulations. (1/29/09 Tr. at 14-15.)  Petitioner testified that he was pleading guilty of his own free will and that nobody had forced him to plead guilty.  (Id. at 17-18, 21, 28, 59.)  Petitioner testified that he understood that if his sentence was not greater than level 26, he was waiving his right to post conviction relief under 28 U.S.C. § 2255.  (Id. at 55-58.)[1]  The Court explained:

> THE COURT:  . . . there would be a right under Section 2255, for you to file a petition with me, as the sentencing judge, asking me to take a second look at this case and at the conviction and at the sentence, to set them aside alleging there's some impairment based on the U.S. Constitution or federal law. Do you understand that right?
> THE DEFENDANT: Yes.
> THE COURT:  This says you wish to give up your right to such post-conviction relief as long as your sentence is not greater than Level 26.  Do you understand that?
> THE DEFENDANT: Yes.

---

[1] Further, Petitioner's counsel confirmed upon the record that he reviewed with Mr. Petrillo his right to appeal and his right to attack his sentence under Section 2255, and his waiver thereof, and that Mr. Petrillo understood those rights and waived them knowingly and voluntarily.  (Id. at 8.)  Petrillo read his plea agreement's stipulation waiving appeal and Section 2255 relief in court during his Rule 11 hearing.  (Id. at 55.)  He confirmed he discussed this provision with counsel, and that he understood the rights he was giving up.  (Id. at 56.)  Finally, to assure that Petrillo understood and accepted this waiver, the Court gave numerical examples of a Level 26, Criminal History Category I guidelines range, having its upper boundary at 78 months, which would not be appealable.  (Id. at 58-59.)  Petrillo likewise understood (id. at 59) and still desired to plead guilty.  (Id.)

3

(Id. at 57.)  Petitioner admitted to the factual basis for both charges.  (Id. at 31-54.)  Further, Petitioner testified that he was "satisfied with the services and the efforts" of defense counsel, who helped him weigh the pluses and minuses of pleading guilty.  (Id. at 12-13.)

On June 26, 2009 and July 20, 2009, Petitioner appeared again before the Court for a sentencing hearing.  The Court sentenced Petitioner to a term of imprisonment of 40 months, well below the 51 to 63 month guideline range based on an offense conduct level 24, as found by the Court.  (7/20/09 Tr. at 16-17, 23.)

On November 24, 2009, Petitioner filed the instant motion under 28 U.S.C. § 2255.[2]  His moving papers are filled with largely incomprehensible and inapplicable accusations unsupported by any specific facts.[3]  As best the Court can tell, Petitioner

---

[2] That motion appears to have been prepared by another inmate, a Billy Ray Smith, but is signed by Petitioner as the moving party.

[3] By way of example, as part of "ground two" of his motion, Petitioner states:
> Prosecutorial Misconduct.  State of New Jersey State Tax Defense Funds used as a bribe paid to all officers as an inducement to not interfere with criminal activities of bribers of the House of Representatives whom fund State of New Jersey Defense Funds for Six and Fourteenth Amendment Attorney-Public Defender hired by Government to defend John Petrillo in the State Court of New Jersey.  John Petrillo is not accused of a crime where that John Petrillo never received due process of law Notice of a Federal Writ crime state and

4

bases his motion on the following general allegations: (1) bias on the part of the Court; (2) "prosecutorial misconduct;" (3) duress; and (4) ineffective assistance of counsel. To the extent that Petitioner narrows his allegations at all,[4] he targets his defense attorney, accusing him of taking a bribe and failing to obtain discovery. (Habeas Motion at 7.) In their Answer, the

> district previously ascertain by law by an impartial Judge of the State of New Jersey. Raising revenue for this particular jurisdiction by a Court imposing excessive fines on Tax payer payed for paper/stationary even to answer by authority of 28 U.S.C. § 2255 is a crime of violating and kick back to Defense Counsel of all money he could get from me for misrepresentation and deceit and to make up false documents of representation stealing public tax paper and government financial responsibility program and restitution fines excessive and interference with constitutional rights of John Petrillo, vacate conviction and fines and sentences, set aside judgment, dismiss all false misleading charges and discharge prisoner held in federal custody illegally.

(Habeas Motion at 5-6.)
  Aside from the obviously vague and conclusory nature of this paragraph, aspects of it are clearly inapplicable to Petitioner. Petitioner did not have appointed counsel, but instead was represented by his own hired counsel. Similarly, Petitioner did not appear in the New Jersey courts, but instead appeared in federal district court.

  [4] Petitioner makes accusations of fraud, bribery, and duress, but it is entirely unclear who is the subject of these accusations and what is their alleged misconduct. For example, he states when explaining why he did not appeal his conviction, "Fraud on the court non-impartial decision makers and false arrest and false charges made against me by officials playing illegal mind games and who are using their positions to false[ly] incriminate by the use of their titles unlawfully and separate from their peers to steal rights and money." (Habeas Motion at 8.)

United States argues that Petitioner has waived his right to collaterally attack his conviction under 28 U.S.C. § 2255 and that he has failed to present sufficient facts to show that the waiver was not knowing and voluntary, or that it would result in manifest injustice.  Respondent similarly argues that Petitioner has not offered facts to support a claim of ineffective assistance of counsel.  In response, Petitioner asserts that his defense counsel "actually coerced Petitioner into pleading guilty, instead of investigating the totality of the evidence," and that "counsel failed in his duties to adequately research and investigate the crime charged, where the court records clearly show counsel did not file motions to suppress, motions for discovery, (that counsel stated was done) that show evidence of the lack of jurisdiction of the federal government regarding this alleged charge."  (Petitioner Reply at 3-4.)

## II. DISCUSSION

### A. Standard of Review

When considering a § 2255 petition, the Court must "accept the truth of the movant's factual allegations unless they are clearly frivolous on the basis of the existing record," and "is required to hold an evidentiary hearing 'unless the motion and files and records of the case show conclusively that the movant is not entitled to relief.'" United States v. Booth, 432 F.3d 542, 545-46 (3d Cir. 2005) (citations omitted).  Nevertheless,

"vague and conclusory allegations contained in a § 2255 petition may be disposed of without further investigation by the District Court." United States v. Thomas, 221 F.3d 430, 437 (3d Cir. 2000).

**B.    Waiver of Post-Conviction Relief**

Waivers of appeals and collateral attacks are valid, "provided that they are entered into knowingly and voluntarily and their enforcement does not work a miscarriage of justice." United States v. Mabry, 536 F.3d 231, 236 (3d Cir. 2008) (citing United States v. Khattack, 273 F.3d 557, 562 (3d Cir. 2001)).[5] The Court finds that Petitioner knowingly and voluntarily waived his right to bring the present § 2255 petition, and that enforcement of this waiver does not lead to a miscarriage of justice.

1.    Knowing and Voluntary

To determine whether a waiver is knowing and voluntary, courts looks to the plea agreement and the Rule 11 colloquy. United States v. Gwinnet, 483 F.3d 200, 204 (3d Cir. 2007).  In particular, "the role of the sentencing judge is critical" to this analysis.  Khattack, 273 F.3d at 563.  The language of this

---

[5] Contrary to Respondent's suggestion, the Third Circuit has applied the Khattack standard, which considered the validity of direct appeal waivers, to waivers of the right to bring collateral attacks on a sentence under 28 U.S.C. § 2255.  Mabry, 536 F.3d at 236-43 (applying Khattack to determine whether a waiver of rights under § 2255 is enforceable).

waiver is broad, prohibiting "any collateral attack" on the sentence, so long as the sentence was within or below the applicable Guidelines range (as it was).[6]  (Plea Agreement, Resp't Exh. A.)  The Court engaged in a lengthy colloquy with Petitioner, in which Petitioner repeatedly testified under oath that he reviewed, understood, and voluntarily accepted his entire plea agreement, including the stipulations.  (1/29/09 Tr. at 14-15, 17-18, 21, 28, 59.)  Moreover, the Court specifically addressed Petitioner's waiver of his rights under § 2255, confirming that Petitioner understood the nature of the right and the fact that he was waiving that right.  (Id. at 55-58.)  This exchange easily satisfies the requirements of Rule 11.  See Fed. R. Crim. P. 11(1)(N) ("[T]he court must inform the defendant of, and determine that the defendant understands . . . the terms of any plea-agreement provision waiving the right to appeal or collaterally attack the sentence.")

Petitioner's vague allegations, often untethered to the reality of his case, that he was coerced into waiving his rights either by his defense attorney or perhaps by other unnamed law enforcement officers, unsupported by any details at all and contradicted by the record of his plea agreement and plea

---

[6] The only exception -- that Petitioner reserved the right to challenge the Court's determination of the criminal history category -- is not relevant here, because Petitioner does not challenge this determination.

8

colloquy on January 29, 2009, is insufficient to challenge the record evidence.  See Thomas, 221 F.3d at 437 ("[V]ague and conclusory allegations contained in a § 2255 petition may be disposed of without further investigation by the District Court.").  Without any facts regarding the nature of the alleged coercion, the Court finds no basis for concluding that Petitioner's waiver was unknowing or involuntary.

      2.   <u>Miscarriage of Justice</u>

The Third Circuit has not enumerated grounds for which enforcement of a waiver might lead to a miscarriage of justice, instead listing factors to be considered when looking at the impact of the waiver.  <u>Khattak</u>, 273 F.3d at 563.  The Court must therefore consider, "The clarity of the error, its gravity, its character (e.g., whether it concerns a fact issue, a sentencing guideline, or a statutory maximum), the impact of the error on the defendant, the impact of correcting the error on the government, and the extent to which the defendant acquiesced in the result."  <u>Id.</u> (quoting <u>United States v. Teeter</u>, 257 F.3d 14, 25-26 (1st Cir. 2001)).

Some of the errors asserted by Petitioner can be addressed quickly.  Petitioner's unsupported and unelaborated charges of a biased tribunal and prosecutorial misconduct, without facts showing the Court's bias or the nature of the prosecutorial misconduct, cannot sustain Petitioner's habeas claim nor do they

9

indicate any injustice as a consequence of Petitioner's waiver.[7] See Thomas, 221 F.3d at 437.

The same can be said for Petitioner's claim of ineffective assistance of counsel.  While it is true that ineffective assistance of counsel can support a finding of miscarriage of justice, see United States v. Shedrick, 493 F.3d 292, 298 n.6 (3d Cir. 2007), to succeed on an ineffective assistance of counsel claim Petitioner must show both deficient performance and prejudice.  See Strickland v. Washington, 466 U.S. 668, 687 (1984).  Generalized, unsupported allegations of deficient performance will not suffice on a § 2255 petition.  See United States v. Mercer, 289 F. App'x 481, 482 (3d Cir. 2008) (assertion that counsel did not "properly investigate any avenues of defense" was too vague to warrant further investigation).

Petitioner asserts that his defense counsel accepted a bribe, failed to pursue discovery "that [would] show evidence of the lack of jurisdiction of the federal government regarding this alleged charge," failed to "adequately research and investigate the crime charged," and did not file motions to suppress.

---

[7] Also scattered throughout Petitioner's § 2255 petition are references to "false misleading charges."  In light of the Court's determination that Petitioner knowingly and voluntarily entered a plea of guilty to two federal crimes, supported by Petitioner's lengthy testimony admitting the factual predicates to those crimes, the Court finds Petitioner's insinuations regarding the criminal charges are meritless.  Petitioner's motion provides no factual basis suggesting the falsity of either charge.

10

(Habeas Motion at 7; Petitioner Reply at 3-4.)  All of these assertions are vague, conclusory, and unsupported by facts.  The jurisdictional ground is nonsensical.  Petitioner does not tell the Court who bribed defense counsel and to what effect, what discovery defense counsel should have pursued,[8] what research defense counsel should have performed, and what evidence defense counsel should have moved to suppress.  These frivolous assertions cannot support a finding of manifest injustice, nor can Petitioner establish his factual innocence in the face of his admission of the detailed factual bases for each count, under oath, on January 29, 2009.

   Moreover, this Court has recently held that prior to the filing of an Indictment or Information "[t]he target's right to discovery of information known to the government is non-existent."  United States v. Sgarlat, No. 06-723, 2010 U.S. Dist. LEXIS 32644, at *19-20 (D.N.J. Mar. 31, 2010).  As a consequence, defense counsel cannot be derelict for failing to submit "motions for discovery," because "neither Rule 16(a), Fed. R. Crim. P., nor the Jencks Act, 18 U.S.C. § 3500, have any application before an Indictment or Information is filed."  Id. at *20.  Similarly, prior to any formal charges and in light

---

[8] Petitioner admitted all the facts necessary to support two federal criminal charges and has failed to articulate a basis for his suggestion that the Court lacked jurisdiction over these charges.

11

of Petitioner's decision to enter a guilty plea, Rule 12, Fed. R. Crim. P., was inapplicable and defense counsel had no forum to submit a "motion to suppress." Petitioner has failed to offer any valid ground for finding that enforcement of his knowing and voluntary waiver of his rights under § 2255 would lead to a miscarriage of justice.[9] Petitioner is therefore barred from bringing the instant motion.[10]

### III. CONCLUSION

For the foregoing reasons, the Court will deny Petitioner's motion for relief under 28 U.S.C. § 2255 and will dismiss his petition. The Court will deny a certificate of appealability under 28 U.S.C. § 2253(b) because Petitioner has made no substantial showing of the denial of a constitutional right. The accompanying Order shall be entered.

**May 6, 2010**  **s/ Jerome B. Simandle**
Date   JEROME B. SIMANDLE
 United States District Judge

---

[9] Petitioner's implication that his counsel was less than diligent is belied as well by the record of the sentencing hearing, which extended over two days as counsel aggressively sought favorable consideration for Petrillo, with much success, resulting in a reduced sentencing exposure.

[10] Even if Petitioner's waiver were invalid, for the same reasons that the Court finds no merit to his grounds for challenging the enforceability of the waiver, those vague and conclusory allegations similarly do not independently support a claim for relief under § 2255.